FILED

NOT FOR PUBLICATION

FEB 28 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATTIE RAHAJU GOENAWAN;
OEN TING LIEM,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71293

Agency Nos. A097-980-400
A097-980-401

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Pattie Rahaju Goenawan and Oen Ting Liem, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review de novo claims of due process violations, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the cumulative harm petitioners experienced in Indonesia, including being robbed on three occasions, did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). Substantial evidence also supports the agency's well-founded fear finding because, even as members of a disfavored group, petitioners failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, petitioners' asylum claim fails.

Because petitioners have not met the standard for asylum, they necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

09-71293

Finally, we reject petitioners' contention that the agency violated their due process rights by failing to conduct a meaningful review because it is belied by the record and because petitioners did not establish prejudice. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED**.